SILAS JONES'S HEIRS *v.* NELSON JONES, ET AL.

**Administrator—Suit on Bond—Parties Plaintiff.**

> Where an administrator settles his accounts and has left in his hands a sum for distribution to the heirs of his decedent, but does not distribute, a joint suit may not be maintained by the heirs, but each has a separate cause of action against such administrator and his bondsmen.

APPEAL FROM OWEN CIRCUIT COURT.

January 7, 1875.

OPINION BY JUDGE PETERS:

In 1858 the appellee, Nelson Jones, administered on the estate of Silas Jones, deceased, and executed bond, with Richard L. Jones as his surety, for the faithful discharge of his duties as such.

In 1861 the appellee, Nelson Jones, settled his accounts as administrator as aforesaid, and a balance of $979.15 were found in his hands for distribution among the heirs of his decedent.

In October, 1874, this suit in equity was brought jointly by the appellants as the heirs of the intestate against the administrator and his surety on the administration bond, to recover their respective shares of the amount ascertained by the settlement aforesaid to be in the hands of the administrator.

On the calling of the cause, appellees moved the court for a rule

against the appellants to make them elect which of them would prosecute the suit, the rule being asked on the alleged ground that there was a misjoinder of plaintiffs. The rule was granted, and appellants immediately entered their appearance thereto, and declining to make any election, their petition was dismissed, and they have appealed.

There is no effort in the petition to surcharge the settlement made by the administrator, and no allegation that other assets had come to his hands, or that a further settlement was necessary; but it is a suit by the heirs to recover their several parts or shares of a definite and certain sum of money in the hands of the administrator. If the suit had been sought to settle the estate, or to surcharge the settlement previously made, the appellants doubtless might have united as co-plaintiffs. But where a settlement has been made, to which there appears to be no objection, and by which the amount that each distributee is separately entitled to receive, is for all practicable purposes ascertained, each one's right of action is separate and independent of the others. There is no such unity of interests in the plaintiffs as authorized them to sue jointly; the judgment could not have been joint, since each plaintiff would be, in a proper proceeding, entitled to a several judgment for the amount due him or her respectively. Nor can the rights of the parties in this respect be changed by bringing the suit in equity.

Judgment *affirmed*.